T.C. Memo. 1996-97


UNITED STATES TAX COURT


JOSEPH L. BARNHILL, JR. AND CYNTHIA A. BARNHILL,
Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 17955-87.                    Filed March 5, 1996.


Declan J. O'Donnell, for petitioners.

Jason M. Silver, for respondent.


MEMORANDUM FINDINGS OF FACT AND OPINION

COHEN, Judge:  Respondent determined deficiencies in and
additions to petitioners' Federal income tax as follows:

| | | Additions to Tax | | |
|---|---|---|---|---|
| Year | Deficiency | Sec. 6653(a)(1) | Sec. 6653(a)(2) | Sec. 6659 |
| 1980 | $28,057 | $1,403 | 0 | -- |
| 1981 | 47,048 | 2,352 | [1] | $14,114 |
| 1982 | 54,293 | 2,715 | [1] | 16,288 |
| 1983 | 830 | 42 | [1] | -- |

[1]50 percent of the interest due on the deficiency.

The sole issue remaining for decision is whether petitioner Cynthia A. Barnhill (Mrs. Barnhill) is entitled to relief as an innocent spouse under section 6013(e).  Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for the years in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

## FINDINGS OF FACT

Petitioners were residents of Burbank, California, at the time that they filed their petition.  They were married on April 15, 1960, and continuously lived together thereafter. Mrs. Barnhill attended Pacific Lutheran University in Parkland, Washington, completing 2 years of education in general business and liberal arts classes.  During the years in issue, however, Mrs. Barnhill was not employed outside of the home.  Joseph L. Barnhill, Jr. (Mr. Barnhill), was a business consultant during the years in issue.

On their joint Federal income tax returns for the years in issue, among other things, petitioners reported the following:

| Year | Business Income | Partnership Losses | Adjusted Gross Income |
|------|-----------------|--------------------|-----------------------|
| 1980 | $ 80,034 | $(197,975) | $(117,849) |
| 1981 | 115,099 | (228,661) | (229,807) |
| 1982 | 136,596 | (228,661) | (318,667) |
| 1983 | 92,259 | (69,870) | (294,885) |

(The differences between the total of business income and partnership losses reflected in the adjusted gross income figures set forth above are attributable to a large net operating loss carryover in 1983 and miscellaneous small items for the earlier years.)

The partnership losses claimed on petitioners' returns for the years in issue were attributable to Mr. Barnhill's investment in an entity known as Winchester Oil and Gas Associates. Mr. Barnhill did not consult with Mrs. Barnhill before he made that investment, and she had no actual knowledge concerning the investment. Winchester Oil and Gas Associates was part of a tax shelter project commonly referred to as "Electra/Hemisphere". In a Stipulation of Settled Issues filed May 18, 1994, petitioners conceded that they were not entitled to the net operating losses claimed on their returns for the years in issue relating to Winchester Oil and Gas Associates.

When the joint returns for the years in issue were presented by Mr. Barnhill to Mrs. Barnhill for signature, she did not read them or attempt to read them. Mr. Barnhill told her that she was required by law to sign the returns, and he assured her that there was nothing wrong with the returns. Mrs. Barnhill trusted Mr. Barnhill to make wise decisions concerning financial and tax matters.

During the years in issue, petitioners maintained joint accounts at Valley National Bank, United California Bank, and Wells Fargo Bank. In about 1967, petitioners purchased a residence in Burbank, California. Between 1975 and 1985, petitioners improved their residence with a 450-square-foot addition, a swimming pool and a spa, at a cost of approximately $100,000.

On April 1, 1994, Mr. Barnhill executed a Grant Deed in which petitioners' residence was transferred to Mrs. Barnhill. Also, on April 1, 1994, Mrs. Barnhill executed an Acknowledgment of Sole and Separate Property, in which she agreed that she had no claim to a computer business operated by Mr. Barnhill, and she waived any right of spousal support from Mr. Barnhill.

From 1986 through the time of trial, Mrs. Barnhill was employed for wages. She seeks innocent spouse treatment "in order to avoid garnishments."

OPINION

Spouses filing a joint tax return are jointly and severally liable for the tax arising therefrom. Sec. 6013(d). If, however, a taxpayer spouse satisfies the requirements of section 6013(e), he or she is relieved from such joint and several liability.

Section 6013(e) provides:

(e) Spouse Relieved of Liability in Certain Cases.--

(1) In general.--Under regulations prescribed by the Secretary, if--

(A) a joint return has been made under this section for a taxable year,

(B) on such return there is a substantial understatement of tax attributable to grossly erroneous items of one spouse,

(C) the other spouse establishes that in signing the return he or she did not know, and had no reason to know, that there was such substantial understatement, and

(D) taking into account all the facts and circumstances, it is inequitable to hold the other spouse liable for the deficiency in tax for such taxable year attributable to such substantial understatement,

then the other spouse shall be relieved of liability for tax (including interest, penalties, and other amounts) for such taxable year to the extent such liability is attributable to such substantial understatement.

In addition, the understatement must exceed a specified percentage of Mrs. Barnhill's adjusted gross income for the preadjustment year. Sec. 6013(e)(4). She bears the burden of establishing that each of the requirements of section 6013(e) has been satisfied. Rule 142(a); Bokum v. Commissioner, 992 F.2d 1132 (11th Cir. 1993), affg. 94 T.C. 126 (1990); Sonnenborn v. Commissioner, 57 T.C. 373, 381-383 (1971).

The parties agree that joint returns were filed by petitioners for each of the years in issue and that the returns contained a substantial understatement of tax attributable to

grossly erroneous items of Mr. Barnhill.  Respondent contends, however, that Mrs. Barnhill has not satisfied the requirements of section 6013(e)(1)(C) or (D).

The undisputed testimony of petitioners is that Mr. Barnhill made all financial decisions during the marriage and that Mrs. Barnhill did not have actual knowledge concerning Winchester Oil and Gas Associates or the contents of petitioners' tax returns.  Mrs. Barnhill testified that she was uneasy about signing "legal documents" but that she trusted Mr. Barnhill with respect to the tax returns and believed his representation that she was required by law to sign them.  She testified also that she never read nor made an attempt to read the tax returns and that, therefore, she was unaware of the contents.

A spouse seeking relief under section 6013(e) has reason to know of substantial understatements on joint returns "if a reasonably prudent taxpayer in her position at the time she signed the return could be expected to know that the return contained the substantial understatement" or that further investigation was warranted.  Price v. Commissioner, 887 F.2d 959, 965 (9th Cir. 1989), revg. an Oral Opinion of this Court. The test is a subjective one, looking to such factors as the alleged innocent spouse's level of education, involvement in the family's financial affairs, the presence of lavish or unusual expenses or any large unexplained increases in the family's standard of living, and the culpable spouse's evasiveness and

deceit concerning the couple's finances.  Price v. Commissioner, supra; Stevens v. Commissioner, 872 F.2d 1499, 1505 (11th Cir. 1989), affg. T.C. Memo. 1988-63.

A spouse cannot obtain the benefits of innocent spouse protection "by simply turning a blind eye to--by preferring not to know of--facts fully disclosed on a return, of such a large nature as would reasonably put such spouse on notice that further inquiry needs to be made.'"  Price v. Commissioner, supra at 965-966 (quoting Levin v. Commissioner, T.C. Memo. 1987-67).  If a duty of inquiry arises and is not satisfied by the spouse, then constructive knowledge of the understatement may be imputed to that spouse.  Price v. Commissioner, supra.

As set out above, in this case, the tax returns signed by Mrs. Barnhill, during some of the years in which substantial improvements were being made to petitioners' personal residence, claimed substantial losses and reported large negative amounts of adjusted gross income.  A reasonably prudent taxpayer in Mrs. Barnhill's situation would thus have been put on notice of and would have had a duty to inquire about the claimed tax losses.  Because she failed even to look at the returns that she signed, Mrs. Barnhill failed to satisfy her duty of inquiry.  Cf. Pietromonaco v. Commissioner, 3 F.3d 1342 (9th Cir. 1993), revg. T.C. Memo. 1991-361, in which the Court of Appeals for the Ninth Circuit concluded that, even if the wife had reviewed the return in question, the difference between the reported expenditures and

income was not so extraordinary as to lead a reasonably prudent person in her position to be alerted to problems. As we have said before, innocent spouse relief is designed to protect the innocent, not the intentionally ignorant. <u>Cohen v. Commissioner</u>, T.C. Memo. 1987-537; <u>Dickey v. Commissioner</u>, T.C. Memo. 1985-478. We are not persuaded that Mrs. Barnhill did not have reason to know that there were substantial understatements of tax on the returns in issue.

Moreover, there is no evidence that it would be inequitable to hold Mrs. Barnhill liable for the deficiencies in issue here. This is not a case where the spouse seeking relief has been left alone to satisfy the deficiencies. Cf. <u>Pietromonaco v. Commissioner</u>, <u>supra</u>; <u>Price v. Commissioner</u>, <u>supra</u>. Petitioners are still married and continue to share the benefits and burdens of that relationship just as they shared the benefits of the tax savings claimed on the joint returns for the years in issue. They have pointed to no circumstances that make it unfair to hold her to the liability determined with respect to those joint returns. A party to a joint return is not relieved of liability merely because the transactions reported on the return are all attributable to the other spouse. We agree with respondent that Mrs. Barnhill has failed to satisfy the requirements of either section 6013(e)(1)(C) or (D).

To reflect the stipulation of settled issues and our determination herein,

<u>Decision will be entered</u>

<u>under Rule 155</u>.