T.C. Memo. 2004-181

UNITED STATES TAX COURT

ANNETTE L. MORELLO, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 2790-03.                    Filed August 5, 2004.

Annette L. Morello, pro se.

Robert F. Saal, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

COHEN, Judge:  This proceeding was commenced under section 6015 for review of respondent's determination that petitioner is not entitled to relief from joint and several liability for 1992, 1993, 1994, and 1995 with respect to joint income tax returns that she filed with her former husband.  The issue for decision is whether respondent abused respondent's discretion in denying

petitioner's request for relief from joint and several liability under section 6015(f) for those years.

Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for the years in issue. All amounts have been rounded to the nearest dollar.

FINDINGS OF FACT

Some of the facts have been stipulated, and the stipulated facts are incorporated in our findings by this reference. At the time that the petition in this case was filed, petitioner resided in Keyport, New Jersey.

Background

Petitioner and Frank Mazzilli (Mazzilli) were married in 1970. They had two children during their marriage. Between the time that petitioner married Mazzilli and September 1992, petitioner was a homemaker. Mazzilli became unemployed for a period of approximately 17 weeks during 1992. As a result of Mazzilli's unemployment, petitioner and Mazzilli exhausted their savings and could not make the monthly mortgage payments on their home.

In order to help alleviate her family's financial difficulties, petitioner began to work as a receptionist at Monmouth Associates in Internal Medicine, P.A., in September 1992. At the time that petitioner began working as a receptionist, she completed Form W-4, Employee's Withholding

Allowance Certificate. Because of the financial difficulties that petitioner and Mazzilli were having at that time, Mazzilli advised petitioner to claim 10 withholding allowances on the Form W-4, and petitioner agreed to do so. Petitioner was aware that this practice would increase her take-home pay but would result in a lesser amount of Federal income tax being withheld from her wages than that which would become due on her portion of Mazzilli's and her joint income.

Mazzilli began working for Pfister Chemical, Inc. (Pfister), during 1992. Mazzilli also claimed 10 withholding allowances on the Form W-4 that he completed when he began his employment at Pfister.

During 1993, 1994, and 1995, petitioner worked as a receptionist for Lawrence Katz, M.D., and Mazzilli maintained his employment at Pfister. Petitioner and Mazzilli each claimed between 5 and 10 withholding allowances during those years. For 1992 through 1995, petitioner had the following amounts of wage income and Federal income tax withheld from that income:

| Year | Wage Income | Federal Income Tax Withheld |
|------|-------------|-----------------------------|
| 1992 | $3,314 | $156 |
| 1993 | 16,565 | 1,144 |
| 1994 | 16,705 | 66 |
| 1995 | 17,440 | 0 |

Even though petitioner and Mazzilli both were employed by the end of 1992, they remained behind in their monthly mortgage payments. After several foreclosure proceedings had been

commenced against petitioner and Mazzilli during the years in issue, Mazzilli filed for bankruptcy. As a result of Mazzilli's filing for bankruptcy, the mortgage on petitioner's and Mazzilli's home was foreclosed. Petitioner was aware of the foreclosure proceedings that had been commenced against Mazzilli and her as well as of Mazzilli's bankruptcy proceedings.

Petitioner and Mazzilli were divorced on October 28, 1999. Petitioner held one or more jobs during 1997, 1998, and 1999. As of April 29, 2004, petitioner had not filed Federal income tax returns for either 1997 or 1999.

Petitioner's and Mazzilli's Joint Income Tax Returns for 1992 Through 1995

For 1992 through 1995, petitioner filed joint Forms 1040, U.S. Individual Income Tax Return, with Mazzilli. Petitioner and Mazzilli signed and filed their joint returns for 1993 and 1995 in February 1996 and their joint returns for 1992 and 1994 in April 1996. These returns showed the following balances due: $724 for 1992; $2,523 for 1993; $9,884 for 1994; and $695 for 1995. No portion of the amounts shown as due on these returns was paid at the times that these returns were filed.

Mazzilli handled the preparation and filing of petitioner's and his joint returns for 1992 through 1995. Petitioner was not aware that these returns showed balances due at the times that she signed them because she neither reviewed these returns nor asked Mazzilli whether these returns showed balances due.

During their divorce proceedings, petitioner and Mazzilli agreed that Mazzilli should be responsible for the payment of the Federal income tax liabilities for 1992 through 1995. As of the time of trial on May 3, 2004, Mazzilli had not paid these liabilities.

Petitioner's Request for Relief From Joint and Several Liability

On February 2, 2001, petitioner requested relief from joint and several liability under section 6015(f) for 1992 through 1995. On November 21, 2002, the Internal Revenue Service sent to petitioner a Notice of Determination Concerning Your Request for Relief under the Equitable Relief Provision of Section 6015(f) (notice of determination) with respect to those years. Attached to the notice of determination was a Form 886-A, Explanation of Adjustments, that set forth the following reasons for the denial of petitioner's request for relief:

1. Attributatable [sic] to the Non-Requesting Spouse--Portions of the unpaid liability are attributable to under withholding on your wages.

2. No Knowledge of [sic] Reason to Know--You had reason to know that the liabilities would not be paid when you signed the returns because outstanding tax liabilities existed from prior year returns that had not been paid, mortgage payments were in * * * arrears and your ex-spouse was contemplating filing for bankruptcy.

3. Noncompliance with Federal Income Tax Laws--You have not filed tax returns for tax years 1997 and 1999 and have an outstanding tax liability for tax year 2000.

OPINION

Generally, married taxpayers may elect to file a joint Federal income tax return. Sec. 6013(a). After making the election, each spouse is fully responsible for the accuracy of the return and jointly and severally liable for the entire tax due for that year. Sec. 6013(d)(3); Butler v. Commissioner, 114 T.C. 276, 282 (2000). A spouse (requesting spouse) may, however, seek relief from joint and several liability by following procedures established in section 6015. Sec. 6015(a).

Under section 6015(a), a requesting spouse may seek relief from liability under section 6015(b) or, if eligible, may allocate liability according to the provisions under section 6015(c). Relief from joint and several liability under section 6015(b) or (c) is premised on the existence of a deficiency for the year for which relief is sought. Sec. 6015(b)(1)(D), (c)(1); see H. Conf. Rept. 105-599, at 252-254 (1998), 1998-3 C.B. 747, 1006-1008. Consequently, if there is no deficiency for the year for which relief is sought, relief from joint and several liability is not available under either subsection. See Washington v. Commissioner, 120 T.C. 137, 146-147 (2003); see also Hopkins v. Commissioner, 121 T.C. 73, 88 (2003); Block v. Commissioner, 120 T.C. 62, 65-66 (2003); Ewing v. Commissioner, 118 T.C. 494, 497, 498 n.4 (2002); cf. sec. 6015(e)(1). In this case, petitioner seeks relief from liabilities attributable to

amounts shown as due on the joint returns that she filed with Mazzilli for 1992 through 1995 rather than from deficiencies for those years.  Accordingly, no relief is available to petitioner under section 6015(b) or (c).

If relief is not available under either section 6015(b) or (c), an individual may seek equitable relief under section 6015(f).  Sec. 6015(f)(2).  Section 6015(f) permits relief from joint and several liability where "it is inequitable to hold the individual liable for any unpaid tax or any deficiency (or any portion of either)".  Sec. 6015(f)(1).  Equitable relief under section 6015(f) is granted at the Commissioner's discretion.

We review the Commissioner's determination to deny equitable relief under section 6015(f) using an abuse of discretion standard.  Butler v. Commissioner, supra at 287-292.  Under this standard of review, we defer to the Commissioner's determination unless it is arbitrary, capricious, or without sound basis in fact.  Jonson v. Commissioner, 118 T.C. 106, 125 (2002) (citing Butler v. Commissioner, supra at 292; Pac. First Fed. Sav. Bank v. Commissioner, 101 T.C. 117, 121 (1993)), affd. 353 F.3d 1181 (10th Cir. 2003).  The question of whether the Commissioner's determination was arbitrary, capricious, or without sound basis in fact is a question of fact.  Cheshire v. Commissioner, 115 T.C. 183, 198 (2000), affd. 282 F.3d 326 (5th Cir. 2002).  We are not limited to the matters contained in the Commissioner's

administrative record when deciding this question. Ewing v. Commissioner, 122 T.C. 32, 35-44 (2004). Petitioner bears the burden of proving that respondent abused respondent's discretion in denying her relief under section 6015(f). Washington v. Commissioner, supra at 146; Jonson v. Commissioner, supra at 125.

As directed by section 6015(f), the Commissioner has prescribed procedures to use in determining whether a relief-seeking spouse qualifies for relief under that subsection. At the time that petitioner requested relief under section 6015(f), those procedures were found in Rev. Proc. 2000-15, 2000-1 C.B. 447. This Court has upheld the use of these procedures in reviewing a negative determination. See, e.g., Washington v. Commissioner, supra at 147-152; Jonson v. Commissioner, supra at 125-126. (Subsequent modification of these procedures by Rev. Proc. 2003-61, 2003-32 I.R.B. 296, does not affect our analysis of this case.)

Rev. Proc. 2000-15, sec. 4.01, 2000-1 C.B. at 448, lists seven threshold conditions that must be satisfied before the Commissioner will consider a request for relief under section 6015(f). Respondent has not argued that petitioner failed to meet those seven threshold conditions. If the threshold conditions are satisfied, Rev. Proc. 2000-15, sec. 4.02, 2000-1 C.B. at 448, lists the circumstances, which we refer to as elements, under which the Commissioner will generally grant

equitable relief in cases where a liability reported on a joint return is unpaid. These elements are:

> (a) At the time relief is requested, the requesting spouse is no longer married to, or is legally separated from, the nonrequesting spouse * * *;

> (b) At the time the return was signed, the requesting spouse had no knowledge or reason to know that the tax would not be paid. The requesting spouse must establish that it was reasonable for the requesting spouse to believe that the nonrequesting spouse would pay the reported liability. * * *; and

> (c) The requesting spouse will suffer economic hardship if relief is not granted. * * *

Rev. Proc. 2000-15, sec. 4.02(1), 2000-1 C.B. at 448. The Commissioner will grant equitable relief to the extent that the unpaid liability is allocable to the nonrequesting spouse only if all three elements of Rev. Proc. 2000-15, sec. 4.02, 2000-1 C.B. at 448, are satisfied. Rev. Proc. 2000-15, sec. 4.02(1), (2)(b), 2000-1 C.B. at 448.

Respondent concedes that petitioner satisfies the first and third elements of Rev. Proc. 2000-15, sec. 4.02, 2000-1 C.B. at 448. With respect to the second element of Rev. Proc. 2000-15, sec. 4.02, 2000-1 C.B. at 448, however, respondent contends that petitioner knew or had reason to know that the liabilities reported on the joint returns for 1992 through 1995 would not be paid at the times that she signed those returns. As discussed below, we agree with respondent's contention.

In order to satisfy the knowledge or reason to know element of Rev. Proc. 2000-15, sec. 4.02, 2000-1 C.B. at 448, petitioner must establish that it was reasonable for her to believe that Mazzilli would pay the amounts shown as due on the joint returns for 1992 through 1995 at the times that she signed them. Petitioner cannot rely on her lack of awareness of the amounts shown as due on these returns to establish that it was reasonable for her to believe that Mazzilli would pay these amounts. By signing the joint returns for 1992 through 1995, petitioner is charged with constructive knowledge of, inter alia, the amounts shown as due on those returns. Hayman v. Commissioner, 992 F.2d 1256, 1262 (2d Cir. 1993), affg. T.C. Memo. 1992-228; see also Park v. Commissioner, 25 F.3d 1289, 1299 (5th Cir. 1994), affg. T.C. Memo. 1993-252. Furthermore, petitioner's unquestioning reliance on Mazzilli to handle the preparation and filing of the joint returns for 1992 through 1995 does not establish that it was reasonable for her to believe that Mazzilli would pay the amounts shown as due on these returns at the times that she signed them. Taxpayers have a duty to file timely and accurate returns and to pay the amounts shown as due on those returns. See generally secs. 6001, 6011(a), 6012(a)(1), 6072(a), 6151(a). We have consistently applied the principle that the provisions providing relief from joint and several liability are "designed to protect the innocent, not the intentionally ignorant". Dickey

v. Commissioner, T.C. Memo. 1985-478; see, e.g., Demirjian v. Commissioner, T.C. Memo. 2004-22; Feldman v. Commissioner, T.C. Memo. 2003-201; Taylor v. Commissioner, T.C. Memo. 1997-513; Barnhill v. Commissioner, T.C. Memo. 1996-97; Shannon v. Commissioner, T.C. Memo. 1991-207; Berry v. Commissioner, T.C. Memo. 1990-396, affd. without published opinion 935 F.2d 1280 (3d Cir. 1991); Cohen v. Commissioner, T.C. Memo. 1987-537.

At the times in 1996 that petitioner signed the joint returns for 1992 through 1995, petitioner was well aware of the financial difficulties that had plagued her family since 1992. In order to ease these difficulties, petitioner had entered the workforce after being a homemaker for more than 20 years and had accepted the risks of allowing a lesser amount of Federal income tax to be withheld from her wages than that which would become due on her portion of Mazzilli's and her joint income and of not filing Federal income tax returns during the years in issue. Petitioner was also aware that foreclosure proceedings had been commenced against Mazzilli and her and that they would lose their home if they did not become current on their mortgage payments. Under these facts and circumstances, petitioner has not established that it was reasonable for her to believe that Mazzilli would pay the amounts shown as due on the joint returns for 1992 through 1995 at the times that she signed them. Consequently, petitioner does not satisfy the knowledge or reason

to know element of Rev. Proc. 2000-15, sec. 4.02, 2000-1 C.B. at 448, and does not qualify for equitable relief under that section of the revenue procedure.

If the requesting spouse satisfies the threshold conditions of Rev. Proc. 2000-15, sec. 4.01, 2000-1 C.B. at 448, but does not qualify for relief under Rev. Proc. 2000-15, sec. 4.02, 2000-1 C.B. at 448, the Commissioner looks to Rev. Proc. 2000-15, sec. 4.03, 2000-1 C.B. at 448, to determine whether the taxpayer should be granted equitable relief. Rev. Proc. 2000-15, sec. 4.03, 2000-1 C.B. at 448, provides a partial list of positive and negative factors that the Commissioner is to take into account when considering whether to grant an individual full or partial equitable relief under section 6015(f). As Rev. Proc. 2000-15, sec. 4.03, 2000-1 C.B. at 448, makes clear, no single factor is to be determinative in any particular case, all factors are to be considered and weighed appropriately, and the list of factors is not intended to be exhaustive.

Rev. Proc. 2000-15, sec. 4.03, 2000-1 C.B. at 448, lists the following two factors that, if true, the Commissioner weighs in favor of granting relief and that, if not true, are neutral: (1) The taxpayer is separated or divorced from the nonrequesting spouse and (2) the taxpayer was abused by his or her spouse. Respondent concedes that the marital status factor weighs in petitioner's favor. The abuse factor is neutral in this case

because petitioner failed to provide any evidence establishing abuse.

In addition, Rev. Proc. 2000-15, sec. 4.03, 2000-1 C.B. at 448, lists the following two factors that, if true, the Commissioner weighs against granting relief and that, if not true, are neutral: (1) The taxpayer received a significant benefit from the unpaid liability and (2) the taxpayer has not made a good faith effort to comply with the Federal income tax laws in the tax years following the tax year to which the request for relief relates. The significant benefit factor is neutral in this case because neither evidence nor argument has been presented as to whether this factor weighs against petitioner. The noncompliance factor weighs against petitioner because, as of April 29, 2004, she had not filed Federal income tax returns for either 1997 or 1999, and the explanations that petitioner gave during her testimony as to why she had not filed those returns were uncorroborated and unconvincing.

Finally, Rev. Proc. 2000-15, sec. 4.03, 2000-1 C.B. at 448, lists the following four factors that, if true, the Commissioner weighs in favor of granting relief and that, if not true, the Commissioner weighs against granting relief: (1) The taxpayer would suffer economic hardship if relief were denied; (2) in the case of a liability that was properly reported but not paid, the requesting spouse did not know and had no reason to know that the

liability would not be paid at the time that the return was signed; (3) the liability for which relief is sought is attributable to the nonrequesting spouse; and (4) the nonrequesting spouse has a legal obligation pursuant to a divorce decree or agreement to pay the outstanding liability (this factor weighs against relief only if the requesting spouse has the obligation). Respondent concedes that the economic hardship factor weighs in petitioner's favor. The knowledge or reason to know factor weighs against petitioner for the reasons discussed above. The attribution factor weighs against petitioner because a portion of the income tax liabilities for 1992 through 1995 is attributable to her (i.e., she allowed a lesser amount of Federal income tax to be withheld from her wages than that which became due on her portion of Mazzilli's and her joint income for those years). Respondent concedes that the legal obligation factor weighs in petitioner's favor.

Based on our examination of the facts and circumstances in this case, some of the factors in Rev. Proc. 2000-15, sec. 4.03, 2000-1 C.B. at 448, are neutral. With respect to the factors that are not neutral, those weighing against granting petitioner relief outweigh those weighing in favor of granting her relief. Petitioner's situation is unfortunate, but we cannot conclude that respondent abused respondent's discretion by acting arbitrarily, capriciously, or without sound basis in fact in

denying petitioner's request for equitable relief under section 6015(f).

To reflect the foregoing,

<u>Decision will be entered</u>

<u>for respondent.</u>